IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

  v.                                         OPINION and ORDER

ERIC TONEY, JUDY SMITH, LORI ADAMS,           20-cv-71-jdp
JANE DOES, JOHN DOES,
and NATASHA BROZOVIC,

                Defendants.

---

Pro se plaintiff Matthew C. Stechauner, an inmate at Oshkosh Correctional Institution (OCI), alleges that several OCI prison officials failed to prevent him from harming himself in August and October of 2018. I granted Stechauner leave to proceed on claims under the Eighth Amendment to the United States Constitution. Dkt. 6. Defendants contend that this court is not the proper venue for Stechauner's lawsuit, and they ask me to either dismiss this case or transfer it to the United States District Court for the Eastern District of Wisconsin. Dkt. 11. In response, Stechauner asks to amend his complaint to add new defendants. Dkt. 16. I will grant his motion to amend his complaint and give him leave to proceed on claims against two new defendants. But neither of those defendants lives in this district, so I will grant defendants' motion in part by transferring this case to the Eastern District. I will deny Stechauner's motion for assistance in recruiting counsel, Dkt. 7, because it is too early in the litigation to determine whether he will need such assistance.

ANALYSIS

A. **Venue and proposed amended complaint**

A civil lawsuit must be brought in a proper venue, for which federal law provides three options:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendants contend that the first option isn't satisfied because no defendant resides in this district. They contend that the second option isn't satisfied because the events giving rise to Stechauner's claims occurred at OCI, which is located in the Eastern District of Wisconsin. And they contend that the third option isn't satisfied because venue is proper in the Eastern District of Wisconsin.

Stechauner has the burden of proving that venue is proper in this district. *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). He says that I should keep his case here because he has filed prior lawsuits in this court and because defendants are retaliating against him by trying to change venue. But these points aren't relevant to whether venue is proper in this district under § 1391(b).

Stechauner also says that I should deny defendants' motion because he has moved to amend his complaint to add four Doe defendants: Cathy Jess, C. O'Donnell, Amy Karn, and

Jeff Freund. Dkt. 16. I will grant his motion to amend his complaint and screen it under 28 U.S.C. §§ 1915 and 1915A.

Stechauner's proposed complaint doesn't state a claim against either Jess or O'Donnell. He says that Jess, the former secretary of the Department of Corrections, and O'Donnell, who upheld the denial of one of Stechauner's grievances, violated his rights because they were made aware of his self-harm attempts through the inmate complaint process and did nothing to stop him from harming himself. Stechauner seeks to bring his claims under 42 U.S.C. § 1983, which requires him to allege that each defendant was personally involved in depriving him of his rights. *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016). A prison official who rules against a prisoner on his inmate grievance regarding "a completed act of misconduct" isn't personally involved in depriving the inmate of his constitutional rights. *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007). Stechauner attached copies of the inmate grievances he filed after his August and October self-harm attempts, so those documents are considered part of his pleading under Federal Rule of Civil Procedure 10(c). Both of Stechauner's grievances describe completed acts of misconduct, contending that prison staff allowed him to hurt himself on both occasions without intervening. Dkt. 1-1, at 2; Dkt. 1-3, at 2. So Stechauner has failed to state claims against Jess and O'Donnell.

Stechauner says that the other two defendants he names, Karn and Freund, were two of the Doe defendants who ignored his repeated acts of self-harm in August and October. He says that Karn is a prison psychologist and that Freund is a crisis intervention worker, so I infer that both defendants worked at OCI and that they were directly involved in Stechauner's treatment. I gave Stechauner leave to proceed against Doe defendants based on his allegations that OCI staff failed to prevent him from harming himself, Dkt. 6, so I will allow Stechauner

to amend his complaint by adding Karn and Freund as defendants. But defendants submit a declaration from OCI's litigation coordinator, who says that neither Karn nor Freund resides in this district. Dkt. 26. So none of the defendants in Stechauner's complaint, as amended, resides in this district.

In sum, Stechauner's proposed amendments don't solve the venue problem with his complaint. But I will not dismiss Stechauner's lawsuit under Federal Rule of Civil Procedure 12(b)(3) as defendants ask. 28 U.S.C. § 1404(a) allows me, in the interest of justice, to transfer Stechauner's case to another district in which he could have brought it. I have already determined that Stechauner is indigent, screened his complaint, and given him leave to proceed on claims. Justice would not be served by requiring Stechauner to refile his complaint and incur a second filing fee. So I will transfer his case to the Eastern District instead of dismissing it.

**B. Appointment of counsel**

Stechauner has filed a motion asking me to appoint counsel to represent him. Dkt. 7. He says that this case will involve complex medical issues regarding his mental health treatment and the effects of his self-harm attempts. He says that the case will involve conflicting testimony and that counsel will be better able to cross-examine witnesses. He says that OCI is under a COVID-19 lockdown that limits his ability to access the prison's law library. And he says that he is limited by his intelligence and mental health challenges.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). So I will construe Stechauner's motion as a motion for assistance in recruiting counsel.

To show that it is appropriate for the court to assist in recruiting counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). To meet this requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Stechauner has submitted correspondence with three lawyers who have declined to take his case, so he has met this initial requirement.

The number of pro se litigants seeking assistance in recruiting counsel is far greater than the number of attorneys who are willing to take on their cases. So this court will assist in recruiting counsel only if a pro se litigant demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

It is too early to tell whether this case will boil down to issues that are too complex for Stechauner to handle. For example, this case hasn't passed the early stage in which defendants often file a motion for summary judgment based on exhaustion of administrative remedies. Such a motion is almost always much simpler than the case's underlying merits, and it will often end up requiring dismissal of a case before it has advanced to more complicated stages. And Stechauner has competently litigated his case to this point. So I will deny Stechauner's motion without prejudice, which means that he will be free to renew his motion on a later date if he continues to believe that he is unable to litigate this suit himself.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss or transfer, Dkt. 11, is GRANTED in part. This case is transferred to the United States District Court for the Eastern District of Wisconsin. The remainder of defendants' motion is DENIED.

2. Plaintiff Matthew C. Stechauner's motion to amend his complaint, Dkt. 16, is GRANTED.

3. Stechauner may substitute Amy Karn and Richard Freund in place of Doe defendants named in his initial complaint. He may proceed on Eighth Amendment claims against Karn and Freund as described in the court's prior screening order, Dkt. 6. Stechauner is DENIED leave to proceed on claims against Cathy Jess and C. O'Donnell.

4. Stechauner's motion for assistance in recruiting counsel, Dkt. 7, is DENIED without prejudice.

Entered October 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge